J-A30030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CAESAR CHEVAR FRANCIS | : | No. 1086 EDA 2025 |

Appeal from the Order Entered April 10, 2025
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000615-2023

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and SULLIVAN, J.

CONCURRING STATEMENT LAZARUS, P.J.:               **FILED MARCH 9, 2026**

I join the learned majority in full, but write separately to express my displeasure with the state of this record.  Based upon my review, I believe that the trial court excluded the expert report, and presumably the expert testimony in its April 10, 2025 order, due to a potential discovery violation by the Commonwealth's failure to timely request drug testing of the vape pens found in Francis's vehicle.  *See* Pa.R.Crim.P. 573.  However, neither Francis's motion in limine nor the trial court's orders make any mention of a discovery violation.  Further, there is no ruling about what potential discovery rule the Commonwealth violated and the trial court did not address the potential remedies that are set forth under Rule 573(E).  This Court is not permitted to speculate as to the basis of a trial court's ruling and we are limited to only the record before us.  Therefore, I am constrained to join the majority's disposition.

Panella, P.J.E., Joins Concurring Statement


Sullivan, J., Notes Her Dissent